935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kent G. SHULTZ, Plaintiff-Appellant,
v.
Henry N. GRAYSON, Warden, Tom Phillips, Deputy Warden, Stan
Washington, Housing Adw, John Andrews, Custody Adw, Charles
Sprang, Classification, Carl Little, R.U.M., Nanci Jones,
A.R.U.M., Defendants-Appellees.
 No. 90-1027.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1991.
As amended June 12, 1991.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kent G. Shultz, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. section 1983. Seeking unspecified monetary damages, Shultz sued Warden Henry Grayson and six other officers of the Charles E. Egeler Correctional Facility. He claimed that the appellees violated his fourteenth amendment rights to due process and equal protection and his eighth amendment right to be free from cruel and unusual punishment by failing to transfer him to another unit as requested, thus knowingly exposing him to physical and psychological harm from other inmates. Over Shultz's objections, the district court accepted the magistrate's report and recommendations and granted the appellees' motion for summary judgment. Aside from arguing the error of that decision, Shultz requests the appointment of counsel.
 
 
 2
 This court affirms the district court's grant of summary judgment because there is no issue of genuine fact and the appellees are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986).
 
 
 3
 Shultz's fourteenth amendment claim is meritless because he has not been arbitrarily denied a right or privilege enjoyed by fellow inmates Dorso v. Rowe, 579 F.2d 1365, 1372 (7th Cir.1978), cert. denied, 439 U.S. 1121 (1979). Prison authorities have broad administrative and discretionary authority over the instiutions they manage, including prison transfers, and Shultz had no right to be incarcerated in the cellblock of his choice. Hewitt v. Helm, 459 U.S. 460, 467, 103 S.Ct. 864, 869 (1983); Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538 (1976).
 
 
 4
 Shultz's eighth amendment claim is also meritless. The prison authorities did not exhibit deliberate or callous indifference to specific known risks of harm which resulted in physical harm at the hands of fellow inmates. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). Rather, the prison authorities offered on at least five occasions to place Shultz in protective lock-up, as authorized by Mich.Admin.Code R. 791.4405(1) (1979), or to transfer him to the other side of his cellblock.
 
 
 5
 Thus, the decision of the district court is AFFIRMED, and Shultz's request for appointment of counsel is DENIED.